**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TWENTIETH CENTURY FOX
INTERNATIONAL CORPORATION,

Plaintiff - Appellant,

v.

BODO SCRIBA,

Defendant - Appellee.

No. 08-56735

D.C. No. 2:08-cv-1109-GW

MEMORANDUM [*]

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted June 11, 2010
Pasadena, California

Before: D.W. NELSON and GOULD, Circuit Judges, and GWIN,[**] District Judge.

Appellant Twentieth Century Fox International Corporation ("Fox") appeals

the district court's order dismissing Fox's claims against Appellee Bodo Scriba

("Scriba") for lack of personal jurisdiction. We vacate and remand.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable James S. Gwin, United States District Judge for the
Northern District of Ohio, sitting by designation.

In December 1999, Appellant Fox, a New York corporation, and Gemini Film International ("GFI"), a Russian corporation, entered a distribution agreement giving GFI the exclusive right to distribute Fox films in Russia. The parties renewed the agreement annually until 2006.

Appellee Scriba allegedly owns and controls GFI. Scriba is a German citizen with his primary residence in Hamburg. On the current record, Scriba appears to have only the barest personal contacts with California.

According to Scriba, nonparty Michael Schlicht served as GFI's managing director until March 2008, signing the agreements with Fox on behalf of GFI. At the filing of this lawsuit, Schlicht worked as managing director of Fox subsidiary Twentieth Century Fox CIS, a Russian company.

At some point after the parties ended the distribution agreement, GFI allegedly failed to make several payments owed to Fox. In 2007 and 2008, Appellee Scriba exchanged several letters with Fox, apologizing about the delinquency and pledging to uncover the source of the problem. Ultimately, Scriba told Fox he believed managing director Schlicht was responsible for mismanaging GFI.

Despite Scriba's representations, Appellant Fox alleges that Scriba siphoned money from GFI to other entities he controlled for his own benefit. Specifically,

Fox claims that GFI made several fraudulent loans to two Russian companies allegedly controlled by Scriba: Amadeus Publishing and Amadeus Distribution Service, Ltd. (collectively, "Amadeus").

Appellee Scriba concedes that GFI lent the funds to Amadeus. He contends, however, that managing director Schlicht authorized the loans and led him to believe that GFI had adequate profits both to pay Fox and to provide capital to Amadeus. Scriba also states that the loans were part of a joint venture between GFI and Amadeus to publish novels and then create films based on the books.

Ultimately, Fox filed the instant case against GFI and Scriba. Appellee Scriba filed a motion to dismiss the claims against him for lack of personal jurisdiction. In opposing the motion, Fox contended that GFI was Scriba's alter ego and that the court's uncontested personal jurisdiction over GFI could thus be extended to Scriba.

The district court, however, granted the motion to dismiss, holding that the exercise of jurisdiction over Scriba would be unreasonable. The court also declined Fox's request for jurisdictional discovery on the alter ego issue. Although mindful that the question is a close one, we hold that the court below erred by ruling on an incomplete record, rather than allowing the parties to conduct limited jurisdictional discovery.

3

We review a district court's decision to grant or deny discovery on jurisdictional facts for an abuse of discretion. *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). Discovery "may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto*, 539 F.3d at 1020.

Although the party seeking discovery bears the burden of showing that the denial of discovery results in actual and substantial prejudice to it, *Boschetto*, 539 F.3d at 1020, Fox has made an adequate showing. For one, Fox's representations of the discovery it seeks are more specific than those held insufficient in *Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535 (9th Cir. 1986), or *Boschetto*, 539 F.3d at 1020. In *Butcher's Union*, the plaintiffs stated only that they "believe[d]" that discovery would enable them to demonstrate sufficient California business contacts to establish jurisdiction. 788 F.2d at 540. And in *Boschetto*, the discovery request was "based on little more than a hunch that it might yield jurisdictionally relevant facts." 539 F.3d at 1020.

In addition, Fox's alter ego allegations, if supported by some evidence, would provide a strong argument for the exercise of jurisdiction over Scriba. *Cf. Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) (affirming denial of discovery request where additional facts would be immaterial because

4

jurisdiction did not exist "[a]s a matter of law"); *Boschetto*, 539 F.3d at 1020 (no abuse of discretion where plaintiff's complaint and affidavits did not even allege conduct which it sought to discover); *Razore v. Tulalip Tribes of Wash.*, 66 F.3d 236, 240 (9th Cir. 1995).("Additional discovery would not affect the jurisdictional analysis.").

In sum, a more full and satisfactory showing of the facts is required before the district court can adequately determine whether personal jurisdiction over Scriba exists in California. Accordingly, we vacate the district court's order dismissing the case against Scriba and remand with instructions for the district court to permit the parties to engage in jurisdictional discovery. This discovery shall be limited to the depositions of Appellee Scriba and former managing director Schlicht as well as documents related to GFI's allegedly fraudulent dealings with the Amadeus entities.

VACATED AND REMANDED WITH INSTRUCTIONS.